UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE ROHNER,

        Petitioner,

                                    CASE NO. 4:07-CV-14249
v.                                     HONORABLE PAUL V. GADOLA

JOHN PRELESNIK,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS

I.     Introduction

Andre Rohner ("Petitioner"), a Michigan prisoner, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner pleaded guilty to first-degree home invasion and second-degree criminal sexual conduct in the Genesee County Circuit Court in 2004 and was sentenced to concurrent terms of seven to 20 years imprisonment and five to 15 years imprisonment on those convictions.

Petitioner asserts that the state trial court mis-scored three sentencing variables (OV4, OV9, and OV10) and sentenced him in violation of *Blakely v. Washington*, 543 U.S. 296, 303-05 (2004) (state trial court's action in sentencing defendant beyond the statutory maximum of the standard range for his offense based upon judicial finding of deliberate cruelty violated defendant's Sixth Amendment right to trial by jury). Petitioner also asserts that defense counsel was ineffective for

1

failing to object to the scoring of those offense variables. Petitioner has exhausted his claims in the state courts. Respondent contends that Petitioner's sentencing claims are not cognizable on habeas review and/or lack merit and that his ineffective assistance of counsel claim lacks merit.

II.   Discussion

   A.   Standard of Review

   Federal law imposes the following standard of review for habeas cases:

   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

   (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

   (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

   In this case, the Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented," *see People v. Rohner*, No. 268321 (Mich. Ct. App. June 2, 2006) (unpublished), and the Michigan Supreme Court denied leave to appeal because it was "not persuaded that the questions presented should be reviewed." *See People v. Rohner*, 477 Mich. 915, 722 N.W.2d 866 (2006). Because the state appellate courts did not specifically address whether the alleged errors constituted a denial of Petitioner's federal constitutional rights, the deference due under 28 U.S.C. § 2254(d) does not apply, and habeas review of the claims is *de novo*. *See Higgins v. Renico*, 470

F.3d 624, 630 (6th Cir. 2006) (quoting *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003), and citing *Wiggins v. Smith*, 539 U.S. 510, 534 (2003)).

B.  Sentencing Claims

Petitioner asserts that he is entitled to habeas relief because he believes that the state trial court mis-scored the state sentencing guidelines and violated *Blakely, supra,* by relying upon facts not admitted by him in rendering his guilty plea. Specifically, Petitioner alleges that the trial court erred in sentencing him by assessing points based upon a findings concerning psychological injury to the victim (OV4), number of victims (OV9), and exploitation of the victim's vulnerability (OV10), even though such facts were not proved to a jury beyond a reasonable doubt nor were admitted by Petitioner at the plea or sentencing hearings.

As an initial matter, the Court notes that Petitioner's first-degree home invasion sentence of seven to 20 years imprisonment is within the statutory maximum of 20 years imprisonment, *see* M.C.L. § 750.110a, and his second-degree criminal sexual conduct sentence of five to 15 years imprisonment is within the statutory maximum of 15 years imprisonment. *See* M.C.L. § 750.520c. Additionally, both sentences comport with Petitioner's plea agreement which recommended a minimum guideline range of 51 to 85 months and concurrent sentencing. A sentence imposed within the statutory limits is not generally subject to habeas review. *See Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). A sentence within the statutory maximum does not normally constitute cruel and unusual punishment. *See Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000). Further, any claim that the sentencing guidelines were incorrectly scored under state law fails to state a claim upon which habeas relief can be granted.

3

*See, e.g., Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir. 2003) (unpublished); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987).

Petitioner also cannot prevail on his claim that he is entitled to habeas relief because the trial judge relied upon facts not presented during the plea proceedings in imposing his sentence in violation of the Sixth Amendment. *See Blakely*, 543 U.S. at 303-05. *Blakely* involved a trial court's departure from a state's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. The statutory maximum sentence is not determined by the trial judge but is set by law. *See People v. Claypool,* 470 Mich. 715, 730 n. 14, 684 N.W.2d 278 (2004) (citing M.C.L. § 769.8). The minimum sentence for a defendant is based on the applicable sentencing guidelines ranges. *Id*. Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock,* 469 Mich. 247, 255 n. 7, 666 N.W.2d 231 (2003) (citing M.C.L. § 769.34(2)). The trial judge sets the minimum sentence, but can never exceed the statutory maximum sentence. *See Claypool,* 470 Mich. at 730 n. 14.

Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. *See Blakely*, 542 U.S. at 304-05, 308-09. In *People v. Drohan*, 475 Mich. 140, 160-62, 715 N.W.2d 778 (2006), the Michigan Supreme Court held that Michigan's indeterminate sentencing scheme does not offend the Sixth Amendment right to trial by jury because

a defendant is subject to the statutory maximum sentence for purposes of *Blakely* and the Sixth Amendment does not entitle a defendant to a sentence below the statutory maximum. Because *Blakely* does not apply to indeterminate sentencing schemes like the one utilized in Michigan, the trial court's scoring of the sentencing guidelines did not violate Petitioner's Sixth Amendment rights. *See, e.g, Tironi v. Birkett*, No. 06-1557, 2007 WL 3226198 (6th Cir. Oct. 26, 2007) (unpublished); *Delavern v. Harry*, No. 07-CV-13293, 2007 WL 2652603, *3-4 (E.D. Mich. Sept. 7, 2007); *Connor v. Romanowski*, No. 05-74074, 2007 WL 1345066 (E.D. Mich. May 4, 2007); *Jones v. Bergh*, 2006 WL 1007602, *1-2 (E.D. Mich. April 17, 2006); *McNall v. McKee*, No. 1:06-CV-760, 2006 WL 3456677, * 2 (W.D. Mich. Nov.30, 2006).[1] Habeas relief is therefore not warranted on these claims.

    C.    <u>Ineffective Assistance of Counsel Claim</u>

Petitioner relatedly asserts that defense counsel was ineffective for failing to object to the scoring of OV-4, OV-9, and OV-10 at sentencing. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. 466 U.S. at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense.

---

[1] The Court notes that the United States Supreme Court has granted certiorari in *Oregon v. Ice*, _ S. Ct. _, 2008 WL 112170 (March 17, 2008), on the question of whether the Sixth Amendment, as construed in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004), requires that facts (other than prior convictions) necessary to imposing consecutive sentences be found by the jury or admitted by the defendant. However, Petitioner was not given consecutive sentences.

Counsel's errors must have been so serious that they deprived the petitioner of a fair proceeding. *Id.*

As to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id*. at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

To satisfy the prejudice prong of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *McQueen v. Scroggy*, 99 F.3d 1302, 1311-12 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 686).

In this case, Petitioner has not established that defense counsel was deficient and/or that he was prejudiced by counsel's conduct in not objecting to the scoring of OV-4, OV-9, or OV-10 at sentencing. Counsel may have reasonably determined that such objections would be futile because there was evidence in the record to support the scoring of those offense variables. As to OV-4, the victim indicated that she attended one counseling session at the preliminary examination. Additionally, the victim's statement, which was read into the record at sentencing, indicated that both she and her five-year-old son were upset and fearful, and that her son was afraid to sleep alone

6

since the crime. As to OV-9, the victim testified at the preliminary examination that she and her son were home when the crime occurred and that her son was in the hallway crying while she was being attacked in the bathroom. Although Petitioner stated at the plea hearing that he did not see the boy in the hallway, he did not deny that the boy was present at the scene. As to OV-10, the victim testified at the preliminary hearing that she and her son were alone in their home because her boyfriend had recently moved out. At the plea hearing, Petitioner admitted that he knew that the victim and her son lived alone because he had helped the boyfriend move out a few weeks before the crime. Given such facts, defense counsel may have reasonably decided not to challenge the scoring of the now-disputed offense variables. Instead of focusing on the crime, defense counsel emphasized Petitioner's drug abuse as the cause for his actions and sought leniency because Petitioner was successfully participating in therapy and was remorseful for his actions. Given such circumstances, Petitioner has failed to establish that defense counsel was ineffective under the *Strickland* standard. Habeas relief is not warranted on this claim.

III. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition. The petition for writ of habeas corpus shall therefore be denied.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his sentencing and ineffective assistance of counsel claims. A certificate of appealability is not warranted. The Court further concludes that Petitioner should not be granted leave to proceed on appeal *in forma pauperis* as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS HEREBY ORDERED** that the petition for writ of habeas corpus [docket entry #1] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to proceed on appeal *in forma pauperis* are **DENIED**.

**SO ORDERED.**

Dated:   April 30, 2008                                        s/Paul V. Gadola
                                                                              HONORABLE PAUL V. GADOLA
                                                                              UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   May 1, 2008  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                        Raina I. Korbakis                         , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                   Andre Rohner                          .

                                                  s/Ruth A. Brissaud
                                                  Ruth A. Brissaud, Case Manager
                                                  (810) 341-7845